Robert C. Maddox, Esq., NV Bar No. 4002
Nancy Jasculca, Esq., NV Bar No. 9594
Christopher W. Mixson, NV Bar No. 10685
**ROBERT C. MADDOX & ASSOCIATES**
10587 Double R Blvd., Suite 100
Reno, Nevada 89521
Telephone: (775) 322-3666 • Facsimile: (775) 322-6338

Calvin R.X. Dunlap, Esq., NV Bar No. 2111
Monique Laxalt, Esq., NV Bar No. 1969
**DUNLAP & LAXALT**
537 Ralston Street
Reno, Nevada 89503
Telephone: (775) 323-7790 • Facsimile: (775) 323-5454

Vernon E. Leverty, Esq., NV Bar No. 1246
William R. Ginn, Esq., NV Bar No. 6989
Patrick R. Leverty, Esq., NV Bar No. 8840
**LEVERTY & ASSOCIATES LAW, CHTD.**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636 • Facsimile: (775) 322-3953
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA UHOUSE, an individual; CRYSTAL G. ZAVALA, an individual; JAMES A. SLUSSER, an individual; DAVID M. AND MARY A. HAIL; individually and/or as husband and wife; and ERNIE E. DUARTE, an individual, on behalf of themselves and all those similarly situated, | Case No. **COMPLAINT** **JURY DEMAND** |

Plaintiffs,

vs.

UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF RECLAMATION; DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior; BOARD OF DIRECTORS OF TRUCKEE-CARSON IRRIGATION DISTRICT, as individuals; TRUCKEE-CARSON IRRIGATION DISTRICT, a political subdivision of the State of Nevada; DAVID OVERVOLD, in his official capacity as the Project Manager of the TRUCKEE-CARSON IRRIGATION DISTRICT; and DOES 1 through 1000,

Defendants.

PLAINTIFFS ALICIA UHOUSE, CRYSTAL G. ZAVALA, JAMES A. SLUSSER, DAVID M. AND MARY A. HAIL, and ERNIE E. DUARTE, on behalf of themselves and all those similarly situated, by and through their attorneys, the law firms of Robert C. Maddox & Associates, Dunlap & Laxalt, and Leverty & Associates Law Chartered claim and allege the following against the above-named Defendants.

## NATURE OF THE ACTION

1.      Plaintiffs bring these causes of action individually and as the representatives of a class of all persons similarly situated, hereinafter referred to as Class Members.  Plaintiffs and all Class Members were owners of residential real property situated in the City of Fernley, County of Lyon, State of Nevada, as of January 2008.  As owners and/or residents of residential real property situated in Fernley, Nevada, they suffered damage as a result of the collapse and failure of a forty (40) foot long section of the Truckee Canal in the early morning of January 5, 2008.

2.      Defendant Board of Directors of the Truckee-Carson Irrigation District, individually, and Defendant Truckee-Carson Irrigation District (collectively TCID), manage, operate, and maintain the water delivery system for the Newlands Reclamation Project.  The Newlands Project is located in California and Nevada, including Churchill and Lyon Counties, and the water delivery system encompasses over 600 miles of canals and drains, including, but not limited to, the Truckee Canal that failed and collapsed on January 5, 2008.  The purpose of the Newlands Project is to provide irrigation, municipal, and industrial water in northern Nevada.  The sources of the water are the Truckee River system and the Carson River system.

3.      TCID, through a series of failures, events, and occurrences, did not properly inspect, operate and maintain the canals and drains of the Newlands Project, proximately causing the breach, failure, and collapse of the Truckee Canal on January 5, 2008, resulting in personal injury, damage to and loss of property, and other harm to Plaintiffs and Class Members.

Plaintiffs, individually, and on behalf of the Class Members, seek relief based upon TCID's failure to properly operate and maintain the Truckee Canal system; failure to inspect and remedy the integrity and strength and weaknesses of the embankments in a timely manner; and failure to minimize, prevent, and stop the flow of water in the Truckee Canal in a proper, safe, and timely fashion in order to abate and/or minimize the consequences of the breach of the canal.

4.      Defendant United States of America, Department of the Interior, Bureau of Reclamation (BOR) is a subdivision of the federal government of the United States of America.  BOR is the owner of the real property and related facilities of the Newlands Project, including the Truckee Canal and embankments that are the subject of this Complaint.  BOR did not properly supervise TCID in the operation and maintenance of the Truckee Canal, did not properly maintain the Truckee Canal, and recklessly and/or carelessly allowed significant quantities of water to fill the Truckee Canal with actual and/or implied knowledge of the poor state of maintenance of the Truckee Canal.  Plaintiffs, individually and on behalf of the Class Members, seek injunctive and other equitable relief based upon BOR's failure to comply with the Administrative Procedure Act, 5 U.S.C. §§ 501–706, when ruling that water would again be sent through the Truckee Canal without properly notifying interested persons of the proposed rule making and without offering to consider, nor actually considering, input from interested parties.

5.      Defendant BOR failed to comply with the provisions of the Administrative Procedure Act, 5 U.S.C. §§ 551–706 (APA), by issuing a rule granting Defendant TCID permission to reopen the Truckee Canal, including provisions allowing for a gradual increase in the allowable flow of water through the Truckee Canal, without providing the proper notice and comment procedures for rule making as mandated by the APA.  By failing to undertake the proper procedures, Defendant BOR has issued a rule without providing the proper opportunity for the

Plaintiffs, Class Members, and other interested parties to provide their input into the BOR's rule relating to TCID's post-flood operation of the Truckee Canal and the Newlands Project.

6.      Plaintiffs and Class Members bring this action for injunctive relief against Defendants, pursuant to the law of Nevada and the federal Administrative Procedures Act, for allowing and increasing the flow of water in the Truckee Canal without regard to inflows of excess water and sediment during rainy conditions, despite overwhelming evidence that the Truckee Canal is unsafe for that purpose, and by failing to comply with relevant provisions of the APA.

7.      Plaintiffs and Class Members respectfully request that this Court declare that the Defendant BOR has violated the APA and issue an injunction as against Defendant TCID and Defendant BOR preventing the flow of water through the Truckee Canal prior to and during any rainfall event where the National Oceanic and Atmospheric Association (NOAA) predicts rainfall totaling one (1) inch or more during any twelve hour period in the vicinity of the Virginia Mountain Range in Northwest Nevada.

8.      Plaintiffs and Class Members respectfully request that this Court enter judgment against Defendant TCID, and award damages, fees and, costs to Plaintiffs and Class Members as set forth herein.

## PARTIES

9.      At all times material hereto, Plaintiff ALICIA I. UHOUSE, an individual, was owner of a residence and real property located at 149 Shadow Mountain Drive, Fernley, Nevada 89408.

10.     At all times material hereto, Plaintiff CRYSTAL G. ZAVALA, an individual, was owner of a residence and real property located at 349 Cook Way, Fernley, Nevada 89408.

11.     At all times material hereto, Plaintiff JAMES A. SLUSSER, an individual, was owner of a residence and real property located at 450 Crimson Road, Fernley, Nevada 89408.

12.     At all times material hereto, Plaintiffs DAVID M. AND MARY A. HAIL, individuals, were owners of a residence and real property located at 665 Jenny's Lane, Fernley, Nevada 89408.

13.     At all times material hereto, Plaintiff ERNIE E. DUARTE, an individual, was owner of a residence and real property located at 116 Prairie Lane, Fernley, Nevada 89408.

14.     Plaintiffs and Class Members have a substantial and particular interest in the safety of the Truckee Canal and its ability to safely transport water.

15.     Plaintiffs' and Class Members' interests have been, are being, and will continue to be harmed and otherwise adversely affected by the Defendants' actions complained of herein, particularly the Defendants' decision to allow unsafe levels of water to flow through the Truckee Canal and the Defendants' failure to consider, and general disregard of, clear evidence that inflows of water and sediment from side drainage adversely impacts the safety of the Truckee Canal embankment.

16.     Defendant TCID is an irrigation district, which is a political subdivision of the State of Nevada, organized and formed pursuant to Chapter 539 of the Nevada Revised Statutes (NRS); the Board of Directors of TCID is the duly elected, acting, and responsible governing body of TCID and is authorized to sue and be sued pursuant to NRS 539.203.

17.     Defendant DAVID OVERVOLD, and/or his successor, is the Project Manager for Defendant TCID, and in that capacity is a person able to be bound on behalf of Defendant TCID to follow an order of the Court.

18.     Defendant BOR is a federal administrative agency, which is a subdivision of the Department of the Interior of the United States of America, which is the owner of the real property and related facilities of the Newlands Reclamation Project, including, but not limited to,

1   the Truckee Canal.

2   19.     Defendant DIRK KEMPTHORNE, and/or his successor, is the Secretary of the

3   Department of the Interior, and in that capacity has the ultimate responsibility for the activities of

4   the Defendant BOR, including those actions complained of herein, and is a person able to be

5   bound on behalf of Defendant BOR to follow an order of this Court.

6

7                           **JURISDICTION AND VENUE**

8   20.     Plaintiffs and Class Members have a right to bring this action pursuant to the

9   Administrative Procedure Act, 5 U.S.C. §§ 701–706 (APA).

10  21.     This Court has jurisdiction over this action pursuant to the APA, 5 U.S.C. § 706 (scope of

11  review), as well as 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1346 (United States as

12  defendant).

13

14  22.     The relief requested by Plaintiffs and Class Members is specifically authorized pursuant

15  to 28 U.S.C. § 1361 (mandamus), 28 U.S.C. § 2201 (declaratory relief), and 28 U.S.C. § 2202

16  (injunctive relief).

17

18  23.     Venue is properly vested in this Court pursuant to 28 U.S.C. § 1391 because the Plaintiffs

19  and Class Members all own affected property in Nevada, Defendant BOR maintains offices in

20  Nevada, Defendant TCID is headquartered in Nevada, and the events and omissions giving rise

21  to this action occurred in this district.

22

23                           **GENERAL ALLEGATIONS**

24  24.     Plaintiffs are informed and believe and therefore allege that at all times relevant hereto,

25  Defendant TCID employed individuals authorized to inspect, control, and maintain the Newlands

26  Project and related facilities, including the Truckee Canal.  All acts of these employees were

27  done within the course and scope of their employment and agency with TCID or were ratified by

28

TCID, making TCID liable for each of its employees' actions, conduct, acts, and failures to act under the doctrine of *respondeat superior*.

25.     Plaintiffs are informed and believe and therefore allege that at all times relevant hereto, Defendant BOR supervised TCID's actions, including inspections, control, and maintenance of the Newlands Project and related facilities, including the Truckee Canal.  All the acts of BOR employees were mandatory duties done within the course and scope of their employment and agency with BOR or were ratified by BOR, making BOR liable for all actions, conduct, acts, and failures to act by its employees under the doctrine of *respondeat superior*.

26.     Defendants, DOES 1 through 1,000 are individuals, firms, corporations and/or business organizations, entities, agencies or governmental bodies whose true identities are presently unknown, but whom Plaintiffs and Class Members allege are jointly and severally liable for the acts and events alleged herein and are, therefore, sued herein using fictitious names.  When their true names are discovered, Plaintiffs and Class Members will request leave of this Court to amend this Complaint accordingly.

27.     Plaintiffs are informed and believe and therefore allege that at all times relevant hereto, Defendants, and each of them, were agents and employees of each of the remaining Defendants, and were at all times acting within the course and scope of said agency and employment, and each Defendant has ratified and approved the acts of the other.

28.     Plaintiffs are informed and believe and therefore allege that at all times relevant hereto, Defendants, and each of them, were agents, employees, co-venturers or partners of each and every other Defendant, and were acting in a representative capacity within the purpose and scope of said agency, employment, joint venture or partnership.  The acts and conduct alleged herein of each Defendant were known to and authorized and ratified by each and every other Defendant.

29.    Plaintiffs are informed and believe and therefore allege that at all times relevant hereto, Defendants, and each of them, were acting in concert with the other Defendants and are jointly and severally liable to Plaintiffs and Class Members.

30.    Plaintiffs bring this class action pursuant to the provisions of Fed. R. Civ. P. 23 on behalf of themselves and the Class Members, for the purpose of asserting the claims alleged in this Complaint on a class-wide basis.

31.    Each Class Member is an owner and/or resident of residential property in Fernley, Lyon County, Nevada and was harmed by the failure and collapse of the Truckee Canal.

32.    This actions is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23 because it satisfies the requirements thereof for numerosity, commonality, typicality, adequacy of representation, predominance, and superiority.

33.    **Numerosity.**  This class is so numerous that individual joinder of all Plaintiffs and Class Members as parties to this action would be impractical and disposition of their claims in a representative suit is a benefit to the court.  The exact number and identities of Class Members is unknown at this time, but can be ascertained through appropriate discovery; there are believed to be at least several hundred Class Members, consisting of the owners of the approximately 590 homes damaged by the January 5, 2008, failure and collapse of the Truckee Canal.

34.    **Common Questions of Law and Fact.**  Plaintiffs and Class Members have a well-defined community of interest, or questions of law and fact common among all Plaintiffs and Class Members, in that each has suffered harm and injury due to the failure and collapse of the Truckee Canal and the related stigma, diminution in value, lost rents, real property damage, and personal property damage caused thereby.  Therefore, claims alleged herein by Plaintiffs and representative of those claims which could be alleged by all Class Members.  The common

questions of law and fact predominate over the questions that may affect individual Class Members.

35.     **Typicality.**  Plaintiffs allege that the relief sought herein is typical of the relief which could be sought by each of the class members.

36.     **Adequate Representation.**  Plaintiffs have common claims with the Class Members as all were damaged by the acts and practices of the Defendants.  Plaintiffs will fairly and adequately protect the interests of the class, as each is a resident owner of real property within the affected area identified below, and each was damaged by the acts and practices of the Defendants, and each of them.  Class representatives Alicia Uhouse, Crystal Zavala, James Slusser, Mary and David Hail, and Ernie Duarte have no conflicts with the other residents with respect to the claims alleged and have retained competent and experienced counsel to represent them and the Class Members.  Plaintiffs have retained class counsel who have considerable experience in the prosecution of class action cases and other forms of complex litigation, in both federal and state courts, and intend to prosecute this action vigorously for the benefit of the Class Members.

37.     **Superiority.**  Plaintiffs allege that the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to the individual members of the class which would establish incompatible standards of conduct by the parties opposing the class, and adjudication with respect to individual members of the class would be dispositive of the interest of other members not parties to the adjudication, or would substantially impair or impede their ability to protect their interests.  Individual litigation of these claims would increase the delay and expense to all parties and the Court in resolving the legal and factual issues raised in this Complaint.  By contrast, a class action presents efficiencies of

management and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court. The interests of judicial economy militate in favor of adjudicating these claims as a class action.

38. **Risk of Inconsistent or Varying Adjudications.** The prosecution of separate claims by individual Class Members would create a risk of inconsistent or varying adjudications with respect to the hundreds of individual Class Members, which would, as a practical matter, dispose of the interests of other Class Members not parties to the separate actions or substantially impair their ability to protect their interests and enforce their rights. The proposed class fulfills the certification requirements of Fed. R. Civ. P. 23. Accordingly, class certification is appropriate.

## COMMON FACTUAL ALLEGATIONS

39. The Truckee Canal was constructed in 1902 as part of the Newlands Reclamation Project, one of the first such projects following the enactment of the Reclamation Act, 43 U.S.C. § 371 *et seq.* The Newlands project, in relevant part to the events complained of herein, diverts water from the Truckee River at Derby Dam and transports the water via the Truckee Canal to the Lahontan Reservoir near Fallon, Nevada

40. Defendant BOR caused to be built, and owns, the federal property and facilities of the Newlands Project, including, but not limited to, the Truckee Canal. These facilities deliver and store water in and for the Newlands Project.

41. TCID, by contract with the United States, took over the management, operation, and maintenance of the Newlands Project, including the Truckee Canal, in January 1927. Since that time, TCID has been, and remains, responsible for the operation and maintenance of the entire Newlands Project, including the Truckee Canal, Lahontan Dam and Reservoir, and approximately 380 miles of irrigation canals and 345 miles of irrigation drains. Pursuant to the

contract between TCID and the United States, TCID is required to inspect, maintain, operate, and manage the Truckee Canal and its embankments.

42.     Under TCID's management, maintenance, and operation of the Newlands Project, there have been a series of breaches and other failures of the Newlands Project Canal, including but not limited to the Truckee Canal breaches in 1959, 1975, 1996, and 2008.

43.     BOR is and was aware of the prior failures and breaches of Newlands Project canals under TCID's management, maintenance, and operation of the Newlands Project.

44.     In December, 1975, the Truckee Canal failed and water breached its embankments, flooding the western part of Fernley, Nevada, including 20 houses and mobile homes, leaving approximately eighty (80) acres of land under water.  The manager of TCID at that time stated that rodent burrowing in the canal contributed to or caused the failure and breach.

45.     On December 12, 1996, the Truckee Canal failed yet again, causing water to breach its embankments and flood approximately sixty (60) homes and over 200 acres of nearby property, much of which is the same property which was flooded by the January 2008 breach.  At that time, burrowing rodents were once again blamed for the failure and breach of the canal.

46.     Plaintiffs are informed and believe and therefore allege that subsequent to the 1996 failure and breach of the Truckee Canal, Defendants TCID and BOR either knew or should have reasonably foreseen that a failure and breach was likely to occur in the future; yet each Defendant failed to maintain, operate, and/or manage the Truckee Canal in a prudent, safe, and proper manner in order to prevent a future failure, breach, and flood.

47.     Plaintiffs are informed and believe and therefore allege that on March 9 and 10, 2005, BOR performed an annual review of TCID's management, operation, and maintenance of the main distribution system for the Newlands Project, culminating in a written report of BOR's

findings and recommendations (hereinafter the "2005 Annual Review Report").

48.     Plaintiffs are informed and believe and therefore allege that BOR's 2005 Annual Review Report states that the condition of several facilities of the Newlands Project, including the Truckee Canal, is extremely poor, and are a public and operational concern because of poor maintenance; recommends that the Truckee Canal should be cleared of all woody vegetation and that all rodent holes and/or piping leaks needed removal and/or repair; that the numerous large homes adjacent to or nearby the Truckee Canal are at risk from impending levee failures; states that the Truckee Canal is a "High Hazard Canal" for several reasons, including increased urbanization and the accumulation of rock and gravel deposits inside the canal; and states that TCID needs to create a Canal Emergency Operating Plan.

49.     Plaintiffs are informed and believe and therefore allege that at all times relevant hereto, Defendants, and each of them, failed to undertake any of the actions needed pursuant to the 2005 Annual Review Report.

50.     The Gilpin Spill is located along the Truckee Canal below Derby Dam, near Painted Rock, upstream of the Fernley reach.  The Gilpin Spill has gates that can be opened to allow any or all of the flow of the Truckee Canal to be drained back into the Truckee River before to reaching Fernley, Nevada.  Prior to December 2006, a 'ditch rider' had to personally go to the Gilpin Spill and manually open the gates to prevent an overflow of the Truckee Canal as it flowed through Fernley, Nevada.

51.     On or about December 27, 2006, automatic gates were installed on the Gilpin Spill, and a special dedication ceremony was held by BOR and TCID.  The automation of Gilpin Spill was supposed to provide faster relief from potential failures, breaches, and flooding in and around Fernley, Nevada because of extreme overflow of the Truckee Canal.  The automatic gates of

Gilpin Spill were and are controlled remotely via a computer located in the offices of Defendant

TCID located in Fallon, Nevada. The remote computer control of the Gilpin Spill is connected to

cameras to allow TCID to monitor the water levels and flow in the Truckee River and at the gates

of the Gilpin Spill. On or around the December 27, 2006, public dedication ceremony for the

newly automated Gilpin Spill, TCID president Ernie Schank indicated that the new system would

offer a safety measure for downstream communities and that TCID would be able to respond to

emergencies in a quick manner.

52.     On Friday, January 4, 2008, a large storm entered Northern Nevada. In the week leading

up to the storm there were numerous weather reports stating that the Sierra Mountains could

expect upwards of ten (10) feet of snow, and the valleys could expect significant precipitation,

and that this was the largest storm system to threaten Northern Nevada in several years, if not

decades. During this storm, Defendant TCID allowed water to enter the Truckee Canal by failing

to close or purposely opening the diversion works at Derby Dam. Defendant TCID also failed to

relieve the water inside the Truckee Canal by failing to open or purposely leaving closed the

automatic gates at Gilpin Spill.

53.     In the early morning hours of Saturday, January 5, 2008, a forty (40) foot section of the

Truckee Canal embankment failed and collapsed. As a proximate result of the failed and

collapsed Truckee Canal, at approximately 4:15 a.m. on January 5, 2008, the residents of Fernley,

Nevada, awoke to find flood water from the breached Truckee Canal inundating their homes and

property.

54.     Plaintiffs are informed and believe and therefore allege that at all times relevant hereto,

Defendants, and each of them, had prior notice of the impending breach of and collapse of the

embankment and failed to take appropriate steps to warn property owners and residents of the

impending flood and/or to remedy the breach once it occurred.

55.     Plaintiffs are informed and believe and therefore allege that at all times relevant hereto, Defendants, and each of them, did not stop the flow of water into the Truckee Canal in order to protect the homeowners and residents along the Fernley reach of the Truckee Canal during the storm of January 4, 2008.

56.     Plaintiffs are informed and believe and therefore allege that after the failure, breach, and flooding of the Truckee Canal on or about January 5, 2008, Defendant BOR and Defendant TCID began private discussions relating to conditions and requirements that Defendant BOR would impose on Defendant TCID prior to granting permission to reopen the Truckee Canal to diversions of water.  The public was not granted notice or opportunity to comment on these discussions or the proposed conditions for reopening the Truckee Canal.

57.     Plaintiffs are informed and believe and therefore allege that while Defendant BOR held public meetings to discuss the ongoing matters relating to the flood events of January 5, 2008, those meeting were merely "informational" and were not intended to provide the opportunity for the public to provide substantive input on the proposed rule governing TCID's reopening of the Truckee Canal.

58.     Plaintiffs are informed and believe and therefore allege that Defendant BOR caused to be completed several investigations culminating in various written reports explaining the condition of the Truckee Canal generally and along the Fernley reach.

59.     Plaintiffs are informed and believe and therefore allege that these reports provided the basis by which BOR constructed its rule governing the reopening of the Truckee Canal by TCID. Plaintiffs, Class Members, interested parties, and the general public were not provided with notice or opportunity to provide data, argument, or substantive comments on the proposed rule

governing the reopening of the Truckee Canal by TCID.

60.     Plaintiffs are informed and believe and therefore allege that the first notice given to Plaintiffs, Class Members, interested parties, and the public generally of the effective date of the rule governing the reopening of the Truckee Canal was not provided until a public meeting was held by the BOR on March 20, 2008.  At that meeting it was announced that the Truckee Canal would be reopened the following day, March 21, 2008.

61.     On April 29, 2008, BOR held another public informational meeting in Fernley, Nevada; the BOR informed the public that flows in the Truckee Canal would be increased to 250 cfs on or about May 10, 2008, and would again be increased to 350 cfs on or about May 16, 2008.  Again, BOR refused to consider input from qualified experts retained on behalf of flood victims.

### FIRST CLAIM FOR RELIEF
**(Declaratory and Injunctive Relief)**
*Individually, and on behalf of all Class Members, against BOR and TCID*

62.     Plaintiffs hereby incorporate by this reference and reallege each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

63.     Pursuant to the APA, 5 U.S.C. §§ 551–706, Defendant BOR undertook a rule making when it issued requirements and conditions that Defendant TCID was required to meet prior to resuming and/or increasing water diversions for the Newlands Project via the Truckee Canal after the failure, breach, and flood of the Truckee Canal on or about January 5, 2008.

64.     Pursuant to the APA, 5 U.S.C. § 553, Defendant BOR did not properly provide notice to Plaintiffs, Class Members, interested parties, or the public generally, of its proposed rule making regarding the permission it granted for Defendant TCID to reopen the Truckee Canal and/or to increase the allowable amount of water to flow through the Truckee Canal, after the failure and breach complained of herein.

65.     Pursuant to the APA,  5 U.S.C. § 553, Defendant BOR did not properly provide for the opportunity of Plaintiffs, Class Members, interested persons, or the public generally to participate in the rule making regarding the reopening of the Truckee Canal and the scheme of gradual increases in allowable diversions and flows in the Truckee Canal, which opportunity to participate requires the opportunity for submission of written data, views, or arguments, or oral presentation.

66.     Pursuant to the APA,  5 U.S.C. § 553, Defendant BOR did not properly publish or serve the propose rule granting TCID permission to reopen the Truckee Canal and/or gradually increase the diversions and water flows in the Truckee Canal not less than thirty (30) days before that proposed rule's effective date.

67.     By failing to comply with the appropriate provisions of the APA, Defendant BOR issued a rule that is contrary to law and is therefore void.

68.     Plaintiffs seek injunctive relief against BOR and TCID by means of restricting the water flow through the Truckee Canal during rain events as explained herein, unless and until the BOR complies with the provisions of the APA.

## SECOND CLAIM FOR RELIEF
**(Negligence and Gross Negligence – Failure to Maintain or Monitor)**
*Individually, and on behalf of all Class Members, against TCID*

69.     Plaintiffs hereby incorporate by this reference and reallege each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

70.     At all times mentioned herein, TCID had a duty to properly maintain and monitor the canals, drains, embankments, and levees of the Newlands Reclamation Project, including but not limited to the Truckee Canal.

///

71.    At all times mentioned herein, TCID had a duty to exercise due care in the maintenance and monitoring of the canals, drains, embankments, and levees of the Newlands Reclamation Project so as to avoid any unreasonable likelihood and/or gravity of potential harm to those who might be injured as a foreseeable result of its acts and/or failures to act.

72.    Plaintiffs are informed and believe and therefore allege that TCID breached the above duty and standard of care when it negligently, carelessly and recklessly, through a series of failures, events, and occurrences managed, operated, maintained, and failed to monitor the canals, drains, embankments, and levees of the Newlands Reclamation Project, constituting negligence and gross negligence.

73.    Plaintiffs are informed and believe and therefore allege that at all times relevant hereto, TCID knew or through the exercise of reasonable care and diligence should have known of the failure to properly maintain and monitor the canals, drains, and levees of the Newlands Reclamation Project, including the dangerous and hazardous conditions thereof, to protect the Plaintiffs and Class Members therefrom.

74.    As a direct and proximate result of the negligence, carelessness, and willful and wanton conduct of Defendant TCID, Plaintiffs have been damaged in the manner herein alleged in excess of $10,000.00.

### THIRD CLAIM FOR RELIEF
**(Negligence and Gross Negligence – Failure to Remedy or Prevent Harm)**
*Individually, and on behalf of all Class Members, against TCID*

75.    Plaintiffs hereby incorporate by this reference and reallege each and every allegation contained in all paragraphs in this complain inclusive, as if fully set forth herein.

76.    At all times mentioned herein, TCID had a duty to exercise due care in maintaining a proper and safe level of water in the canals and drains of the Newlands Project, and had an

ongoing duty to monitor the water levels and conditions thereof.

77.     At all times mentioned herein, TCID had a duty to exercise ordinary care in the conduct of its business and affairs so as to avoid any unreasonable likelihood or gravity of potential harm to those who might be injured as a foreseeable result of TCID's acts and/or failures to act.

78.     At all times mentioned herein, TCID also had a duty to exercise due care to mitigate the harm to those who might be injured as a foreseeable result of its acts and/or failures to act.

79.     Plaintiffs are informed and believe and therefore allege that TCID breached the above duties and standards of care when it negligently, carelessly and recklessly, through a series of failures, events, and occurrences, and with knowledge of the prior failures and breaches of the Truckee Canal as outlined herein, failed to engage in all reasonable acts to prevent breaches of the Truckee Canal, and/or other Newlands Project facilities, that could cause injury to the property of others.

80.     Plaintiffs are informed and believe and therefore allege that TCID breached the above duties and standards of care when it negligently, carelessly and recklessly, through a series of failures, events, and occurrences allowed the Truckee Canal to fail in the early morning hours of January 5, 2008, causing water to breach the canal embankments and flood the Plaintiffs' and Class Members' homes, as described herein.

81.     Plaintiffs are informed and believe and therefore allege that TCID breached the above duties and standards of care when it negligently, carelessly and recklessly, through a series of failures, events, and occurrences failed to use the Gilpin Spill or other water diversion measures to prevent further water from flowing into the Truckee Canal and/or through the breached portion of it, constituting negligence and gross negligence.

///

82.     Plaintiffs are informed and believe and therefore allege that TCID knew or should have known of the breach of the Truckee Canal and failed to exercise reasonable care and diligence in order to mitigate the harm from the breached canal.

83.     As a direct and proximate result of the negligence, carelessness, and willful and wanton conduct of Defendant TCID, Plaintiffs have been damaged in the manner herein alleged in excess of $10,000.00.

### FOURTH CLAIM FOR RELIEF
**(Nuisance)**
*Individually, and on behalf of all Class Members, against TCID*

84.     Plaintiffs hereby incorporate by this reference and reallege each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

85.     Plaintiffs and Class Members, and each of them, possess a property right in their respective properties.

86.     Defendant TCID interfered with Plaintiffs' and Class Members' use and enjoyment of their respective properties because of the flooding that occurred on January 5, 2008.

87.     Defendant TCID's interference with Plaintiffs' and Class Members' use and enjoyment of their respective properties was due to the reckless conduct by TCID in raising the water levels of the Truckee Canal to an unsafe level, its failure to properly maintain the Truckee Canal, and other reckless conduct and abnormally dangerous conditions and activities.

88.     As a result of the failure, breach, and flooding of the Truckee Canal, the interference with Plaintiffs' and Class Members' property was both substantial and unreasonable.

89.     As a direct and proximate result of the negligence, carelessness, and willful and wanton conduct of Defendant TCID, Plaintiffs have been damaged in the manner herein alleged in excess of $10,000.00.

### FIFTH CLAIM FOR RELIEF
**(Trespass)**
*Individually, and on behalf of all Class Members, against TCID*

90.     Plaintiffs hereby incorporate by this reference and reallege each and every allegation contained in all paragraphs in this Complaint, inclusive, as if fully set forth herein.

91.     Plaintiffs and Class Members, and each of them, hold a property right in and to the property that they own in Fernley, Nevada.

92.     Plaintiffs and Class Members did not give permission to TCID to enter their property on or about January 5, 2008.

93.     Defendant TCID, through the release of water from the Truckee Canal, accomplished an uninvited entry onto Plaintiffs' and Class Members' lands on or about January 5, 2008.

94.     Defendant TCID knew, or should have known, of the piping and other hazardous conditions in the Truckee Canal.

95.     By failing to properly maintain the Truckee Canal in light of the conditions and recommendations of the 2005 Annual Review Report, BOR engaged in an ultra-hazardous activity, of which it was aware.

96.     As a direct and proximate result of the negligence, carelessness, and willful and wanton conduct of Defendant TCID, Plaintiffs have been damaged in the manner herein alleged in excess of $10,000.00.

///

///

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and Class Members pray for judgment against Defendants as follows:

(1)    As against BOR and TCID, for injunctive relief as set forth herein;

(2)    As against TCID, for damages in an amount in excess of $10,000 per Plaintiff and/or Class Member;

(3)    As against TCID, for special and consequential damages in an amount to be proven at trial;

(4)    As against TCID, for prejudgment and post-judgment interest on all sums awarded, according to proof at the maximum legal rate;

(5)    For costs of suit, interest, and reasonable attorneys' fees; and,

(6)    For such other relief as the Court deems just and proper.

DATED this 23rd day of May, 2008.

Calvin R.X. Dunlap, Esq., NV Bar No. 2111
Monique Laxalt, Esq., NV Bar No. 1969
**DUNLAP & LAXALT**
537 Ralston Street
Reno, Nevada  89503
Telephone: (775) 323-7790


Vernon E. Leverty, Esq., NV Bar No. 1246
William R. Ginn, Esq., NV Bar No. 6989
Patrick R. Leverty, Esq., NV Bar No. 8840
**LEVERTY & ASSOCIATES LAW, CHTD.**
832 Willow Street
Reno, Nevada  89502
Telephone: (775) 322-6636

**ROBERT C. MADDOX & ASSOCIATES**

By _____
Robert C. Maddox, Esq.
Nevada State Bar No. 4002
Nancy Jasculca, Esq.
Nevada State Bar No. 9594
Christopher W. Mixson, Esq.
Nevada State Bar No, 10685
10587 Double R. Blvd., Suite 100
Reno, NV 89521

## DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, the law firms of Robert C. Maddox & Associates, Dunlap & Laxalt and Leverty & Associates Law, Chtd., hereby demand a trial by jury of all issues triable by jury in the above-entitled action.

DATED this 23rd day of May, 2008.

Calvin R.X. Dunlap, Esq., NV Bar No. 2111
Monique Laxalt, Esq., NV Bar No. 1969
**DUNLAP & LAXALT**
537 Ralston Street
Reno, Nevada 89503
Telephone: (775) 323-7790


Vernon E. Leverty, Esq., NV Bar No. 1246
William R. Ginn, Esq., NV Bar No. 6989
Patrick R. Leverty, Esq., NV Bar No. 8840
**LEVERTY & ASSOCIATES LAW, CHTD.**
832 Willow Street
Reno, Nevada 89502
Telephone: (775) 322-6636

**ROBERT C. MADDOX & ASSOCIATES**


By _____
Robert C. Maddox, Esq.
Nevada State Bar No. 4002
Nancy Jasculca, Esq.
Nevada State Bar No. 9594
Christopher W. Mixson, Esq.
Nevada State Bar No, 10685
10587 Double R. Blvd., Suite 100
Reno, NV 89521

# CERTIFICATE OF SERVICE

I hereby certify on May 23rd, 2008, that the foregoing document was served via the United States District Court CM/ECF system on all parties or persons requesting notice. Further, courtesy copies of the foregoing document were also served, via electronic mail, on the following, as follows:

Lyman F. McConnell
LFM, Ltd.
1247 Rice Rd.
Fallon, NV 89406
lyman@tcid.org

Gregory A. Addington, Esq.
greg.addington@usdoj.gov
joanie.silvershield@usdoj.gov
judy.farmer@usdoj.gov


Craig Murdy, Esq.
Doyle Berman Murdy, P.C.
3300 North Central, 16th Floor
Phoenix, AZ  85012
cmurdy@doylelawgroup.com

_____
An employee of Robert C. Maddox & Associates