```
M. CRAIG MURDY
Nevada Bar No. 7108
DOYLE BERMAN MURDY, P.C.
3295 N. Fort Apache Rd., Suite 110
Las Vegas, NV 89129
Telephone: (702) 873-1622
Attorneys for Defendants Board of Directors
of Truckee Carson Irrigation District, Truckee
Carson Irrigation District and David P.
Overvold
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA UHOUSE, et al.<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF RECLAMATION, et al.<br><br>    Defendants. | CASE 3:08-CV-00285-LDG-RAM<br><br>**PROTECTIVE ORDER RE TRUCKEE CARSON IRRIGATION DISTRICT DEPOSITIONS** |

Pursuant to Defendants Truckee-Carson Irrigation District and David Overvold's Motion for Protective Order and good cause appearing therefor:

IT IS ORDERED:

1. Except upon further order of the Court, at all hearings, depositions, and other proceedings, no examination will be allowed on the following issues:

   a. That TCID and its employees and former employees conspired to fraudulently ascertain, compute, assess, obtain, calculate and issue water incentive credits under OCAP.

   b. That TCID and its employees and former employees materially falsified numbers regarding delivery of water to the head gates of irrigated land in northern Nevada.

   c. That TCID and its employees and former employees engaged in a practice of record keeping whereby TCID noted a greater amount of water delivery to certain landowners and project participants when no amount (or a significantly lesser amount) of water had actually been delivered to those landowners and project participants at that time);

J:\EDSISS\DOCS\PAUL\1028\PLEAD\G92286.WPD

| | | |
|---|---|---|
|1| d. | That TCID and its employees and former employees manipulated at least one water meter to record a greater amount flowing through a ditch than in fact was actually flowing; |
|3| e. | That TCID ditch riders were instructed by TCID Water Masters to record their delivery of water to landowners and project participants in pencil, providing an opportunity to later manipulate the ditch rider's numbers; \ |
|5| f. | That TCID and its employees and former employees used abandoned canal head gates for writing off water; |
|7| g. | That TCID and its employees and former employees submitted inflated figures regarding its total amount of water delivered to farm head gates of landowners and project participants (referred to in the indictment as the "total delivery amount") to Bureau of Reclamation (BOR); |
|9| h. | That TCID and its employees and former employees submitted false total delivery amounts on behalf of TCID to the BOR; |
|11| i. | That TCID and its employees and former employees "wrote off" water and manipulated and disabled water meters and instructed other employees and former employees to do the same; |
|13| j. | That TCID and its employees and former employees falsified TCID's project water delivery records; |
|14| k. | That TCID and its employees and former employees made false claims to the BOR that TCID's delivery of project water called for the issuance of incentive credits by BoR pursuant to OCAP; |
|16| l. | That TCID and its employees and former employees made false statements to the BOR by presenting records as to TCID's delivery of project water for calculation and issuance of incentive credits pursuant to OCAP; and |
|19| m. | Of alleged false statements and fraudulent presentations against and allegations of aiding/abetting and conspiracy regarding the calculation of incentive credits as they relate to water delivery records and data and/or meter tampering. |

DATED this __16th__ day of __July_____, 2009.

_____
UNITED STATES MAGISTRATE JUDGE