1

2

```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
          COUNSEL/PARTIES OF RECORD

          NOV 1 5 2011

    CLERK US DISTRICT COURT
      DISTRICT OF NEVADA
BY: _____ DEPUTY
```

3

4

5

6

## UNITED STATES DISTRICT COURT

7

## DISTRICT OF NEVADA

8

9  | ALICIA UHOUSE, et al.,

10 |                     Plaintiffs,

11 | vs.

12 | UNITED STATES DEPARTMENT OF THE
13 | INTERIOR, BUREAU OF RECLAMATION,
14 | et al.,

15 |                     Defendants.

Case No. 3:08-cv-0285-LDG-RAM

[~~PROPOSED~~] ORDER ADOPTING
SPECIAL MASTER'S
RECOMMENDATION REGARDING
DISTRIBUTION OF APPROVED
SETTLEMENT FUNDS

16

17 | JUDY KROSHUS, et al.

18 |                     Plaintiffs,

19 | vs.

20 | UNITED STATES OF AMERICA, et al.

21 |                     Defendants.

Case No. 3:08-cv-0246-LDG-RAM

[~~PROPOSED~~] ORDER ADOPTING
SPECIAL MASTER'S
RECOMMENDATION REGARDING
DISTRIBUTION OF APPROVED
SETTLEMENT FUNDS

22 | ///

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

1

2

**[PROPOSED] ORDER ADOPTING SPECIAL MASTER'S RECOMMENDATION REGARDING DISTRIBUTION OF APPROVED SETTLEMENT FUNDS**

3   On or about November 10, 2011, Plaintiffs filed the *Special Master Recommendation*

4   *Regarding Distribution of Approved Settlement Funds*. The recommendation is attached hereto

5   as Exhibit "1". No opposition was filed and the time has expired to object. Therefore, the

6   *Special Master Recommendation Regarding Distribution of Approved Settlement Funds* is

7

8   **APPROVED**.

9   **IT IS SO ORDERED**.

10   _____

11   UNITED STATES MAGISTRATE JUDGE

12   DATED: __**11-15-11**_____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

# Exhibit 1

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA UHOUSE, *et al.*, | Case No. 3:08-cv-0285-LDG-RAM |
| Plaintiffs, | |
| vs. | |
| UNITED STATES DEPARTMENT OF THE INTERIOR, BUREAU OF RECLAMATION, *et al.*, | |
| Defendants. | |
| JUDY KROSHUS, *et al.* | Case No. 3:08-cv-0246-LDG-RAM |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, *et al.* | |
| Defendants. | |

## SPECIAL MASTER RECOMMENDATION REGARDING DISTRIBUTION OF APPROVED SETTLEMENT FUNDS

WHEREAS, class counsel for Plaintiffs contacted the Court-Appointed Special Master for guidance on issues related to the fair and just distribution of approved settlement funds to eligible class members.  Good cause appearing,

IT IS HEREBY RECOMMENDED:

///

1.      If a claimant reported on the approved *Settlement Claim Form* that he/she did <u>not</u> own personal property (clothes, furniture, household items, etc.) that was affected by the Truckee Canal embankment failure, then the claimant will <u>not</u> receive an allocation of approved settlement funds for personal property damages.

2.      Class counsel shall allocate approved settlement funds for personal property damages to eligible individuals based upon the level of water intrusion in the home they owned or occupied.  Further, class counsel shall divide the amount allocated for personal property damages to each eligible household by the number of eligible members of the household who reported on the approved *Settlement Claim Form* that he/she did own personal property that was affected by the Truckee Canal embankment failure and distribute the funds accordingly.

3.      Class counsel shall allocate approved settlement funds to eligible minor children for personal property damages provided that an approved *Settlement Claim Form* has been submitted to class counsel on behalf of the minor child in which it is reported that the minor child owned personal property that was affected by the Truckee Canal embankment failure.

4.      If a claimant reported on the approved *Settlement Claim Form* that he/she did <u>not</u> have physical contact with the water, mud, and/or debris that resulted from the Truckee Canal embankment failure, then the claimant will <u>not</u> receive an allocation of approved settlement funds for personal injury and/or emotional distress damages.

5.      Regarding distribution of approved settlement funds to eligible class members for personal injury claims and/or emotional distress damages, each eligible claimant is to receive one allocation for personal injury claims and/or emotional distress damages based upon the level of water intrusion in the home he/she occupied.

6.      Class counsel shall distribute the approved settlement funds based upon the information reported on the approved *Settlement Claim Form*.

7.    If one owner of real property affected by the Truckee Canal embankment failure timely submitted the approved *Settlement Claim Form* to class counsel, then class counsel is authorized to distribute approved settlement funds to all eligible owners of the subject property for real property damages.

8.    Due to confusion which apparently resulted regarding the requirement to submit one *Settlement Claim Form* for each class member, if one eligible member of a household at the time of and affected by the Truckee Canal embankment failure timely submitted his/her *Settlement Claim Form* to class counsel, then class counsel is authorized to accept late *Settlement Claim Forms* from other eligible members of the household. However, once class counsel distribute the approved settlement fund disbursement calculations in this case, then class counsel cannot accept late *Settlement Claim Forms* from any class member.

9.    The manner of distribution of approved settlement funds in this case is for purposes of settlement only.

DATED this 9-th day of November, 2011.

Hon. Michael E. Fondi, Retired Judge
Special Master

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a true and correct copy of the foregoing document via United States District Court CM/ECF system on all parties or persons requesting notice.

Dated this 10th day of November, 2011.

_____
Employee of Robert C. Maddox