UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ALICIA UHOUSE, *et al.*, Plaintiffs, vs. UNITED STATES DEPARTMENT OF THE INTERIOR, *et al.*, Defendants. | CASE NO.: 3:08-cv-0285-LDG **ORDER APPROVING FAIRNESS OF SETTLEMENT** |
| JUDY KROSHUS, *et al.*, Plaintiffs, vs. UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, *et al.*, Defendants. | CASE NO.: 3:08-cv-00246-LDG **ORDER APPROVING FAIRNESS OF SETTLEMENT** |
| JUDY KROSHUS, *et al.*, Plaintiffs, vs. UNITED STATES OF AMERICA, DEPARTMENT OF THE INTERIOR, *et al.*, Defendants. | CASE NO.: 3:09-cv-00713-LDG **ORDER APPROVING FAIRNESS OF SETTLEMENT** |

**ORDER APPROVING FAIRNESS OF SETTLEMENT**

WHEREAS, on December 7, 2012, counsel for Plaintiffs deposited in the U.S. Mail notice of the proposed settlements with Defendants TRC ENGINEERS, INC. f/k/a VPOINT (hereinafter "TRC") and THE MATTHEWS COMPANY, MATTHEWS HOMES, FERNLEY SUNDANCE, LLC, M.C. BUILDERS, INC., MATTHEWS LAND, INC. dba MATTHEWS LAND, INC.-

NEVADA, C.H. INVESTMENT TRUST, and NEVADA LAND INVESTMENTS, INC., dba MATTHEWS LAND, INC. (hereinafter "MATTHEWS HOMES") to all members of the Class herein and caused the aforementioned notice to be published in the *Mason Valley News-Leader Courier (Fernley Leader)* and *Reno Gazette-Journal* on December 11, 2012 and December 19, 2012;

WHEREAS, said notice set out the terms of the proposed settlements and procedure for distribution of settlement funds and noticed the time and place for class members to appear and object to and comment on said settlement in Court on the 20th day of December, 2012 at 10:30 a.m at the Second Judicial District Court in Reno, Nevada;

WHEREAS, on December 20, 2012, at 10:30 a.m., the Court considered Plaintiffs' *Motion for Approval of Settlement of Class Action Pursuant to NRCP 23(e)/FRCP23(e) and Distribution of Funds* and the Court inquired as to whether or not there were any other comments and/or objections by people and parties present or who had written to the Court or Parties, and Attorneys and Representatives;

NOW, THEREFORE, the Court being fully advised, makes the following Findings:

1) That legal and sufficient notice has been duly and regularly given to the members of the Class so as to give the members an opportunity to appear and be heard regarding the proposed settlement and distribution.

2) That the class settlement with TRC in the amount of $1,725,000.00 is fair, reasonable, and adequate in light of the basis upon which the Court approved the Class in this matter and should be approved.

3) That the distribution formula set forth in the notice, which is based upon an engineer's analysis of the level of water on and/or in each subject property, is fair, reasonable, and adequate and in accord with the basis upon which the Court approved the Class and should be approved by the Court. Specifically, after deducting for attorneys' fees and costs, settlement proceeds will be distributed to members of the Class based upon the following:

<u>Subclass A</u>:
Owners, renters, and occupants of residential real property in Fernley, Nevada, including their families, who suffered damage or injury by the impoundment of water created by the

Wrangler Road "Knuckle" (where the Fernley "A" Drain is crossed by the intersection of Wrangler Road and Wagon Wheel Lane in Fernley, Nevada) following the failure of the Truckee Canal embankment on January 5, 2008 in Fernley, Nevada

Subclass B:

Property owners who do not meet the definition of Subclass A, including, but not limited to the 58 *Kroshus* Plaintiffs, but who had flooding on their real properties following the failure of the Truckee Canal embankment on January 5, 2008 in Fernley, Nevada.

Eligible members of Subclass B will receive $200.00 per property. The balance of settlement funds shall be distributed to individuals in Subclass A, who are members of the *Reimers* class, based upon the following categories:

Level 1- No water on property (not eligible to receive settlement funds);
Level 2- Water on property but no water in garage/crawlspace;
Level 3- Water in garage and/or crawlspace; and
Level 4- Water in living space.

Any claim of level of water intrusion inconsistent with the engineer's analysis, which has not already been decided by the Honorable Michael E. Fondi, Retired District Court Judge in other cases related to the January 5, 2008 Truckee Canal embankment failure in Fernley, Nevada, will be submitted to Judge Fondi for determination.

Additionally, Alicia Uhouse, Elizabeth Reimers, Darrell Medlock, Walter Karatyz, Crystal Zavala, Stacey Lee, Lewis C. Kinnick, Jeanie Jurgeit, Jeannette M. Nagel, and Judy Kroshus will be eligible to share in the allocation of the settlement proceeds described above, except that, in addition, these Settlement Class Representatives will each receive $1,000.00 payable from the settlement proceeds as compensation for serving as settlement class representatives.

4) That in light of the complexity of this case, the very substantial time spent by the attorneys, and very substantial costs necessarily incurred in connection with the prosecution of this matter, the Court finds that Plaintiffs' request for attorneys' fees in the amount of $575,000.00, which equals thirty-three and one third (33 1/3) percent of the total TRC settlement funds available for distribution as of the date of the December 20, 2012 settlement fairness hearing, and costs in the amount of $57,925.86, is reasonable and in accord with those customarily awarded by Courts in such matters and should be approved by the Court.

NOW, THEREFORE it is hereby ORDERED that:

1) That legal and sufficient notice has been duly and regularly given to the members of the Class so as to give the members an opportunity to appear and be heard regarding the proposed settlement and distribution.

2) That the class settlement with TRC in the amount of **$1,725,000.00** is fair, reasonable, and adequate, and is therefore, **APPROVED.**

3) That Plaintiffs' request for attorneys' fees in the amount of **$575,000.00** and costs in the amount of **$57,925.86** is fair, reasonable, and adequate, and is therefore, **APPROVED.**

4) That the method for distributing settlement funds is fair, just, and adequate, and is therefore, **APPROVED.** After deducting attorneys' fees and costs, Plaintiffs' counsel is authorized to distribute **$1,082,074.14** from the settlement with TRC to Class Members in accordance with the procedures approved herein.

**IT IS SO ORDERED.**

DATED this 26 day of December, 2012.

[signature]

UNITED STATES DISTRICT JUDGE